UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD HAYLOCK, Individually and                    CIVIL ACTION
on behalf of his minor children

VERSUS                                              NO. 20-84-SDD-RLB

WALI ABDUL WASHINGTON, ET AL.

## ORDER

Before the Court is Defendants' Motion to Extend Expert Report Deadline and Compel Plaintiff's Physical Examination filed on January 28, 2021. (R. Doc. 9). The deadline for filing an opposition has not expired. LR 7(f).

Distant Star Transport, LLC and Northland Insurance Company (collectively, "Defendants") represent that the parties agreed that Edward Haylock ("Plaintiff") would appear for an independent medical examination ("IME") to occur with the neurosurgeon Dr. Everett Robert at Southern Brain and Spine in Metairie, Louisiana, on January 27, 2021. (R. Doc. 9 at 1). Defendants represent that Plaintiff appeared for the appointment but refused to complete certain paperwork at the instruction of his attorney. (R. Doc. 9 at 1; *see* R. Doc. 9-1). No physical examination took place. (R. Doc. 9 at 2).

It is unclear whether Defendants are seeking a specific order compelling a physical examination to occur, as suggested by the title of their motion. Defendants' proposed order merely seeks an extension of Defendants' expert report deadline to "allow for the physical examination of the plaintiff." (R. Doc. 9 at 4).

Federal Rule of Civil Procedure 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified

examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

Defendants have not sought or obtained a Rule 35 order in this action. Unless a Rule 35 order is obtained, there is no basis under Rule 37 for compelling appearance for a physical examination. *See Bruce v. Baywater Drilling, L.L.C.*, No. 16-168-JWD-RLB, 2016 WL 3149719, at *2 (M.D. La. June 3, 2016) (citing Fed. R. Civ. P. 37(b)(2)(A)-(B)). Accordingly, to the extent Defendants are seeking an order compelling Plaintiff to appear for an IME in the absence of a Rule 35 order, that relief is denied.

The Court recognizes, however, that most parties in personal injury cases do not need to seek a Rule 35 order because attorneys are aware of the necessity of such examinations and their clients are properly prepared. With respect to paperwork or questions required by the provider, this Court has included instructions that the plaintiff "shall answer all proper questions submitted to him, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, all for the purpose of making a proper diagnosis of [Plaintiff's] condition." *Rogers v. Averitt Express, Inc.* 15-706-JWD-RLB, 2016 WL 4499089, at *3 (M.D. La. Aug. 26, 2016). The Court has also prohibited audio or video recording of the examination. *Id*.

The undersigned also reviewed the paperwork in question and, with the clarification that the visit is prepaid and the representation that "I understand my financial responsibility"

removed and initialed by medical staff, does not see any questions or inquiry outside of the scope of discovery.

Defendants' expert report deadline is February 15, 2021. (R. Doc. 8 at 2). Although that deadline has not yet expired, the Court will extend Defendants' expert report deadline another month for the sole purpose of obtaining an IME.

The parties are encouraged to reach an agreement with respect to the completion of necessary paperwork and the rescheduling of Plaintiff's IME without further court involvement. Defendants may re-urge the instant motion, if necessary, to obtain a Rule 35 order and any necessary extension of the expert report deadline if the parties cannot reach an agreement.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Extend Expert Report Deadline and Compel Plaintiff's Physical Examination (R. Doc. 9) is **GRANTED IN PART** in that the Defendant's deadline to submit expert reports is extended to March 15, 2021. The motion is otherwise **DENIED**.

Signed in Baton Rouge, Louisiana, on February 3, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**